**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| AMERIFIRST BANK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | |
| CENTURY MARINE, INC. and MARY | ) | |
| GRANT, | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

COMES NOW, the Plaintiff, AmeriFirst Bank ("AmeriFirst"), and files its Complaint against Defendants, Century Marine, Inc. ("Century") and Mary Grant ("Grant," and together with Century, the "Defendants"), as follows:

**PARTIES AND JURISDICTION**

1.      The Plaintiff, AmeriFirst, is an Alabama Corporation with its principal place of business in Montgomery, Alabama. For the purposes of this Court's analysis of diversity in this matter and to satisfy the requirements of 28 U.S.C. § 1332, AmeriFirst is a citizen of the State of Alabama.  AmeriFirst is the successor by merger to Escambia County Bank.

2.      Defendant Century is a Florida corporation with its principal place of business in Century, Florida. Grant is the sole owner of Century and a resident of Florida.  For the purposes of this Court's analysis of diversity in this matter to satisfy the requirements of 28 U.S.C. § 1332, Century is a citizen of the State of Florida.

71113932 v2

3.      Defendant Grant is an individual resident of Florida who is over the age of eighteen years old. For the purposes of this Court's analysis of diversity in this matter to satisfy the requirements of 28 U.S.C. § 1332, Grant is a citizen of the State of Florida.

4.      Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Personal jurisdiction and venue are also proper in this Court, as a substantial part of the events or omissions giving rise to the claim occurred in Escambia County. *See* 28 U.S. §1391(b). Namely, the loan origination, execution, and Defendants' failure to make payments occurred in Escambia County, Alabama.

## STATEMENT OF FACTS

6.      This lawsuit arises from Century's nonpayment of a promissory note in the original principal amount of $213,000.00 (the "Loan").

7.      On November 19, 2021, Century executed a Promissory Note (the "Note") in favor of AmeriFirst in the original principal amount of $213,000.00.

8.      On November 19, 2021, Grant executed a personal guaranty in favor of AmeriFirst, in which she unconditionally guaranteed payment of the Note (the "Guaranty").

9.      On November 19, 2021, Century executed a Loan Agreement in favor of AmeriFirst (the "Loan Agreement").

10.     The Note is secured by that certain Mortgage, dated February 17, 2017 and modified on November 19, 2021 (The Note, Guaranty, Loan Agreement and Mortgage are hereinafter referred to as the "Loan Documents").

11.    On April 18, 2026, AmeriFirst sent a letter to Defendant Century informing it that it is in default of the Note due to non-payment.

12.    On May 8, 2026, AmeriFirst sent a second letter informing Defendants Century and Grant that they are in default due to non-payment.

13.    No payment has been received, and the Defendants are in default of all of the Loan Documents.

14.    The outstanding indebtedness due under the Note as of August 3, 2026 is $192,955.68.

15.    Interest accrues at a per diem rate of $32.81.

## COUNT ONE
## BREACH OF CONTRACT

16.    AmeriFirst restates and incorporates the allegations of Paragraphs 1-20 as though set forth fully herein.

17.    AmeriFirst has fully performed all of its obligations under the Note.

18.    The Defendants have breached the terms of the Note, Guaranty and Commercial Loan Agreement by failing to make payment when due.

19.    AmeriFirst has suffered monetary damage as a result of Defendants' breach, default and non-performance.

WHEREFORE, AmeriFirst, prays that this honorable Court will enter judgment against the Defendants, jointly and severally, for the entire indebtedness owed due under the Loan Documents, including all principal, interest, late charges, attorneys' fees, costs and expenses; and for such other, further and different relief to which AmeriFirst is entitled, at law or in equity, the premises considered.

Respectfully submitted,


*/s/ Robert C. Matthews*
ROBERT C. MATTHEWS    (MATTR7750)
*Attorney for AmeriFirst Bank*

OF COUNSEL:
**BURR & FORMAN LLP**
11 North Water St., Suite 22200
Mobile, Alabama 36602
T: (251) 345-8218
F: (251) 344-9696
RMatthews@burr.com

71113932 v2                4